# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVOLA SUTTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-14-0587-I-1 |
| v. | |
| U.S. POSTAL SERVICE,<br>　　　　　Agency. | DATE:  January 22, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Davola Sutton</u>, Lansdowne, Pennsylvania, pro se.

<u>Daniel C. Carleton</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

<u>Krista Irons</u>, St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay.  *See* 5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed a March 10, 2014 appeal alleging that the agency constructively suspended her for more than 14 days from her EAS-17 Supervisor, Distribution Operations position. Initial Appeal File (IAF), Tab 1 at 2, 9. While the case was pending before the administrative judge, the parties submitted a signed, written settlement agreement and requested that the agreement be entered into the record for enforcement purposes. IAF, Tab 11. The administrative judge thereafter dismissed the appeal as settled in a June 5, 2014 initial decision. IAF, Tab 14, Initial Decision (ID) at 1-2. She found that the conditions for entering the agreement into the record for enforcement had been met, the agreement was voluntarily entered into and understood by the parties, and the provisions of the agreement were legal and enforceable. *Id.* The initial decision stated that any petition for enforcement of the settlement agreement had to be filed within a reasonable period of time after discovery of the asserted noncompliance, and that a petition for review of the initial decision had to be filed by July 10, 2014, or the initial decision would become final. ID at 3.

The appellant has filed a June 12, 2024 request to void the settlement agreement, which the Clerk of the Board has treated as a petition for review.[2] Petition for Review (PFR) File, Tab 1 at 1, 34. The Clerk of the Board informed the appellant that her petition for review was untimely filed and afforded her an opportunity to file a motion to accept the filing as timely or waive the time limit for good cause shown. PFR File, Tab 2 at 1-2. The appellant has not filed a

---

[2] Although the request was initially filed with the regional office, the administrative judge confirmed with the appellant that she was not filing a petition for enforcement of the settlement agreement but was instead filing a petition for review of the initial decision seeking to void the settlement agreement. *Sutton v. U.S. Postal Service*, MSPB Docket No. PH-0752-14-0587-C-1, Initial Decision (Aug. 6, 2024). The administrative judge, therefore, dismissed the petition for enforcement, *id.*, and neither party filed a petition for review of that initial decision. The Clerk of the Board docketed the submission as a petition for review in this case. Petition for Review File, Tab 2.

response to the timeliness notice from the Clerk of the Board, and the agency has not filed a response to the petition for review.

## ANALYSIS

A petition for review must generally be filed within 35 days after the date of issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause, a party must show due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of any excuse and any showing of due diligence, whether the appellant is proceeding pro se, and whether there is evidence of the existence of circumstances beyond the appellant's control that affected the ability to comply with the time limit or of unavoidable casualty or misfortune that similarly shows a causal relationship to an inability to timely file the petition. *Id.*

The deadline for filing a petition for review in this case was July 10, 2014. The appellant has not alleged on review that she received the initial decision more than 5 days after the initial decision was issued. Thus, we find that she filed her petition for review nearly 10 years late.

Such a filing delay is significant. *See Brockman v. Department of Defense*, 108 M.S.P.R. 490, ¶ 8 (2008) (finding that a filing delay of over 9 years was significant). The appellant did not respond to the notice from the Clerk of Board affording her an opportunity to show good cause for the filing delay. In her petition for review, the appellant has not offered any explanation for the lengthy delay; thus, she has not shown that she acted with due diligence or ordinary

prudence in filing her petition for review. *See, e.g., Rothlisberger v. Department of the Army*, 113 M.S.P.R. 450, ¶ 6 (2010). Moreover, her pro se status alone does not excuse such a lengthy delay. *See Stoute v. Department of the Navy*, 102 M.S.P.R. 311, ¶ 8 (2006).

Based on the analysis set forth above, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board concerning the timeliness of the appellant's petition for review. The initial decision remains the final decision of the Board concerning the merits of the appeal. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.